UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER SMITH                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. ___3:18-cv-145-LG-LRA___

MERIT HEALTH CENTRAL,
JACKSON HMA, LLC, a Mississippi
Limited Liability Company; COMMUNITY
HEALTH SYSTEMS, INC., all such
Defendants d/b/a "MERIT HEALTH CENTRAL"
and JOHN DOES I-V                                                   DEFENDANTS

**<u>NOTICE OF REMOVAL</u>**

COME NOW, Defendants, Jackson HMA, LLC d/b/a Merit Health Central and Community Health Systems, Inc. (CHSI), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice of the removal of this civil action from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.  The following is a short and plain statement of the grounds for removal:

1.

The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1).  Removal is permitted under 28 U.S.C. §§ 1441 and 1446.

2.

On February 20, 2018, Plaintiff, Christopher Smith filed a Complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, styled "*Christopher Smith vs. Merit Health Central, Jackson HMA, LLC, a Mississippi Limited Liability Company; Community Health Systems, Inc., and all such Defendants d/b/a "Merit Health Central" and John Does I-V*"; Civil Action No 18-91.  (Exhibit "A")  In the Complaint, Plaintiff

seeks damages from the Defendants for medical negligence in failing to diagnose and treat plaintiff's left lower extremity ischemia leading to amputation.  (Id ¶ 16-21.)

3.

The United States District Court for the Southern District of Mississippi, Northern Division is the district and division embracing the place in which the action is pending. 28 U.S.C. § 104(b)(1).

4.

Complete diversity of citizenship exists between the Plaintiff and all properly joined and served Defendants.

A.    Plaintiff is a citizen of the State of Mississippi.  (Exhibit A, ¶ 1 )

B.    Community Health Systems, Inc. is a Delaware corporation with its principal place of business located in Franklin, Tennessee, and is therefore considered a citizen of both Delaware and Tennessee. ( Id. ¶ 4)

C.    Defendant Jackson HMA, LLC d/b/a Merit Health Central Hospital is considered a citizen of both Delaware and Tennessee.  Under *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008), a limited liability company's citizenship is determined by the citizenships of all of its members.  Where a limited liability company has members which are themselves limited liability companies, partnerships, or other entities, the citizenships must be traced down the various organizational layers. *Mullens v. TestAmerica, Inc.*, 564 F. 3d 386, 397 (5th Cir. 2009); *Ashley Transp., Inc. v. Catterpillar, Inc.*, 3:11CV469-TSL-MTP, 2001 WL 3876964, at *2 (S.D. Miss Sept. 1, 2011); *Lawson v. Chrysler LLC,*

4:08CV19-DPJ-JCS, 2009 WL 961226, at *2 (S.D. Miss. Apr. 7, 2009).

i.      Defendant Jackson HMA, LLC's sole member is Mississippi HMA Holdings, LLC (a Delaware limited liability company). Mississippi HMA Holdings II, LLC's members are Health Management Associates LP and HMA Hospitals Holdings LP (both Delaware limited partnerships).

ii      Health Management Associations LP's general partner is Health Management General Partner LLC (a Delaware limited liability company).  Health Management Associates, LP's limited partner is Health Management Associates, LLC (a Delaware limited liability company).

iii     HMA Hospitals Holdings, LP's general partner is Health Management General Partner, LLC.  HMA Hospitals Holdings, LP's limited partner is Health Management Associates, LLC.

iv.     Health Management General Partner, LLC's sole member is Health Management Associates, LLC.

v.      Health Management Associates, LLC's sole member is HMA-TRI Holdings, LLC (a Delaware limited liability company).

vi.     HMA-Tri Holdings, LLC's sole member is Community Health Systems, Inc. (a Delaware corporation with a principal place of business in Tennessee).

Therefore, Defendant Jackson HMA, LLC is considered a citizen of both Delaware and Tennessee.

5.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A.      Although the Complaint does not state the specific sum of damages that Plaintiff is seeking, Plaintiff's factual allegations demonstrate that the amount in controversy exceeds the jurisdictional threshold.  The Plaintiff states that he "sustained damages, including, but not limited to: personal and bodily injury, past and future mental and emotional distress, past and future pain and suffering, past and future medical expenses and bills, past and future loss of wages and wage earning ability, loss of household and domestic services, loss of enjoyment of life, and other such damages to be proved at trial of this matter." (Exhibit "A", Damages ¶ 33) These allegations suffice to establish an amount in controversy in excess of $75,000.

6.

The Notice of Removal is timely under 28 U.S.C. §1446(b)(1) because it is filed within thirty days of Defendants' receipt of a copy of the Complaint.

7.

In accordance with 28 U.S.C. Sect 1446(b)(2)(A), all other defendants properly joined and served in the state-court action have joined in or consented to removal.

8.

Pursuant to 28 U.S.C. Sect 1446(a) and Local Uniform Civil Rule 5(b), a copy of the entire state-court record is attached hereto as Exhibit "B".

9.

In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the state court in which the action was originally filed.

WHEREFORE, Defendants, Jackson HMA, LLC and Community Health Systems, Inc. file this Notice of Removal and hereby remove this civil action to the United States District Court for the Southern District of Mississippi, Northern Division. The case shall proceed no further in state court unless or until it is remanded by order of said United States District Court.

THIS, the 7th day of March, 2018.

Respectfully submitted,

JACKSON HMA, LLC d/b/a MERIT HEALTH CENTRAL, DEFENDANT


BY:    /s/ Stephen P. Kruger_____
STEPHEN P. KRUGER

OF COUNSEL:

STEPHEN P. KRUGER - MSB # 4266
LOUIS G. BAINE, III – MSB # 1705
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Blvd., Suite 200 [39232-2215]
Post Office Box 1163
Jackson, Mississippi  39215-1163
TELEPHONE: 601-420-0333
FACSIMILE:  601-420-0333
E-MAIL:     skruger@pagekruger.com
            lbaine3@pagekruger.com

## CERTIFICATE OF SERVICE

I, STEPHEN P. KRUGER, counsel for Defendant, Jackson HMA, LLC d/b/a Merit Health Central, does hereby certify that I have this day mailed, by United States Mail, a true and correct copy of the above and foregoing to:

>Michael T. Jaques, Esq.
>SESSUMS DALLAS, PLLC
>240 Trace Colony Park Drive, Ste. 100
>Ridgeland, MS  39157
>**ATTORNEYS FOR PLAINTIFF**

THIS, the 7th day of March, 2018.

  /s/ Stephen P. Kruger
STEPHEN P. KRUGER