# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY MISSISSIPPI

**CHRISTOPHER SMITH**            **PLAINTIFF**

VS.        CIVIL ACTION NO. 18-91

**MERIT HEALTH CENTRAL, JACKSON HMA, LLC, a Mississippi Limited Liability Company; COMMUNITY HEALTH SYSTEMS, INC.**, all such Defendants d/b/a **"MERIT HEALTH CENTRAL"**, and; **JOHN DOES I - V**            **DEFENDANTS**

## COMPLAINT

COME NOW Plaintiff Christopher Smith and files this lawsuit against Jackson HMA, LLC, a Mississippi limited liability company; Community Health Systems, Inc., all such Defendants d/b/a "Merit Health Central", and; John Does I - X. The grounds are:

### A. PARTIES

1. Plaintiff Christopher Smith was at all times herein complained of an adult resident citizen of the state of Mississippi.

2. Defendant Merit Health Central is a fictitiously named legal entity of unknown juridical composition, which actually or pretends to operate the health care facility located at 1850 Chadwick Drive, Jackson, Mississippi, and does so under the fictitious name "Merit Health Central", or did so at times material to claims asserted herein. Merit Health Central may be served with process when it is determined whether it actually exists, and, if so, it can be served pursuant to the Mississippi Rules of Civil Procedure.

3. Defendant Jackson HMA, LLC, a Mississippi limited liability company, is a Mississippi limited liability company in good standing with the Mississippi Secretary of State,


EXHIBIT A

with its principal place of business at 4000 Meridian Boulevard, Franklin, TN 37067, which may be served with process by service upon its registered agent, the same being CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232. On good faith information and belief, Plaintiff alleges that Jackson HMA, LLC, in conjunction with other defendants named herein, owns, operates, and/or manages the healthcare facility located at 1850 Chadwick Drive, Jackson, Mississippi, and does so under the fictitious name "Merit Health Central", or did so at times material to claims asserted herein.

4. Defendant Community Health Systems, Inc. ("CHS") is corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 4000 Meridian Blvd., Franklin, Tennessee 37067, and which may be served with process by service upon its registered agent, the same being Mr. Ben Fordham, 4000 Meridian Blvd., Franklin, TN 37067-6325. On good faith information and belief, Plaintiff alleges that Community Health Systems, Inc. owns, operates, and/or manages Merit Health Central, or did so at times material to claims asserted herein. CHS currently owns and/or operates 158 hospitals in 22 states including the fictitiously named "Merit Health Central" in Jackson, Mississippi. On good faith information and belief, Plaintiff alleges that CHS owns and/or operates and/or manages Merit Health Central independently, and by and through its subsidiary or affiliate Jackson HMA, LLC, Defendant herein.

5. Unless otherwise specified, Defendants Merit Health Central, Jackson HMA, LLC, and CHS are collectively referred to herein as "Defendants" or "Merit Health." Defendants provided medical care and/or treatment to Plaintiff Christopher Smith; and/or, at material times, supervised, controlled, or directed the work of, and/or employed, any healthcare provider who provided medical care or treatment to Plaintiff Christopher Smith, so as to incur individual

2

liability pursuant to MISS. CODE ANN. § 79-29-920 and/or other statutory or common law impositions of vicarious and/or respondeat superior liability.

6. Defendants John Does I - V are individuals or entities as yet unknown and unidentified to Plaintiff, including, but not limited to, other businesses, healthcare providers or practice groups of which treating healthcare providers were members, partners, or employees, who, at material times, provided medical care and/or treatment to Plaintiff; and/or other individuals or entities who were in association with, in business with, partners of, members of, or employed the defendants named herein or individuals who treated Plaintiff, or who were in association with, in business with, partners of, members of, or employed other John Doe defendants who, at material times, supervised, controlled, or directed the work of any healthcare provider who provided medical care or treatment to Plaintiff, so as to incur individual liability pursuant to MISS. CODE ANN. § 79-29-920. Such defendants will be identified and named when their identity becomes known to Plaintiff.

### B. JURISDICTION AND VENUE

7. This Court has jurisdiction and venue is appropriate in the First Judicial District of Hinds County, Mississippi, pursuant to MISS. CODE ANN. § 11-11-3(3).

### C. COMPLIANCE WITH STATUTES

8. Proper written notice of intention to file this action has been provided to the Defendants, via certified mail return receipt requested and regular U.S. Mail, pursuant to MISS. CODE ANN. 15-1-36(15).

9. Attached to this Complaint as Exhibit "A" is a Certificate of Compliance and Expert Consultation pursuant to the requirements of MISS. CODE ANN. § 11-1-58(1)(a).

3

## D. FACTS GIVING RISE TO CAUSE OF ACTION

10. On or about January 10, 2016, at approximately 1:26 p.m., Plaintiff Christopher Smith presented to the Merit Health emergency department, complaining of onset of left foot pain within the past two to three days, and reporting no history of injury to his foot.

11. Plaintiff was examined, and it was noted that he was experiencing severe symptoms/pain, and had swelling, tenderness, and erythema to areas of his foot. Plaintiff was diagnosed with "foot pain" and "Achilles tendinitis", Plaintiff was given a injection of the pain reliever Toradol in the emergency room, which decreased Plaintiff's pain. He was discharged home, and given a prescription for the pain reliever Ultracet, and instructed to return to the emergency department if symptoms worsen or persist.

12. Two days later, on January 12, 2016, at approximately 5:01 p.m., due to continuing foot pain, Plaintiff returned to the emergency department at Merit Health Central as instructed. Plaintiff again complained of severe foot pain. Plaintiff was examined by a nurse practitioner, who ordered x-rays of his foot. The x-rays were reported as reflecting normal osseous alignment, no fracture or focal bone abnormality, and no significant arthritic changes.

13. Plaintiff was again given an injection of Toradol for pain. Plaintiff was diagnosed with "pain, neuropathic", given a prescription of Diclofenic Sodium, and discharged home.

14. On January 16, 2016, Plaintiff presented at the University of Mississippi Medical Center emergency department, with continuing complaints of foot pain, numbness in extremity, inability to move toes, and coolness of extremity. Plaintiff was assessed, and his left sided dorsalis pedal pulse and left sided posterior tibial pulses were noted to be "0". He was found to have diminished sensation to touch on his left foot, and his left foot was found to be "cool" compared to his right foot. A Doppler study revealed that Plaintiff had distal stenosis in his left

posterior tibial artery, and that his left dorsalis pedis artery and his left anterior tibial artery were occluded. Plaintiff was diagnosed with left foot ischemia and admitted to the hospital, to the primary care of vascular surgery.

15. Plaintiff was given anticoagulation medication with little improvement. He was given a diagnostic angiogram, with balloon angioplasty of the anterior tibial artery. Plaintiff underwent a left below knee amputation on January 29, 2016.

16. On at least two occasions, the same being January 10 and January 12, 2016, Defendants failed to provided proper care and treatment to Plaintiff. As a result, Plaintiff's left lower extremity ischemia was mis-diagnosed on each occasion.

17. As a result of the misdiagnosis, Plaintiff failed to receive, and Defendants failed to provide, care and treatment necessary to treat Plaintiff's ischemia. As a result, Plaintiff's left lower extremity ischemia worsened, caused permanent irreversible damage to the left lower extremity, and required amputation.

18. Defendants and their agents and employees failed to provide adequate medical care to Plaintiff, failed to timely diagnose, address and treat his lower left extremity ischemia, and failed to properly develop and implement a care plan.

19. Defendants' negligent acts, both of omission and commission, constitute tortious breach of contract, negligence and/or gross negligence and were a direct and proximate, or, in the alternative, a contributing cause of Plaintiff's injuries. Defendants' conduct as set forth herein with respect to Plaintiff and others similarly situated constitutes a pattern and practice of neglect, negligence, gross negligence, breach of contract, and tortious breach of contract.

20. Defendants' physicians, nurses, and/or other personnel breached the applicable standards of care applicable to the care and treatment of Plaintiff in the following material

respects:

a. Failing to adopt adequate care plans and preventative treatments to minimize or reduce the potential harm to Plaintiff associated with multiple presentations of unresolved lower extremity pain.

b. Failing to implement and execute treatment plans and take other action with respect to Plaintiff, including, but not limited to, ordering or conducting appropriate diagnostic testing and/or laboratory test to determine the medical cause of his ongoing and unresolved foot pain, said plans and/or action designed to prevent and/or minimize the risk of developing complications, including amputation, associated with untreated and worsening lower extremity ischemia.

c. Failure to undertake appropriate consults or referrals to physicians or providers with appropriate experience and knowledge to diagnose and/or treat his present and worsening ischemia, preventing prompt and necessary intervention and treatment of the ischemia and ongoing worsening of his condition.

d. Failing to adequately assess Plaintiff upon his multiple presentations to the emergency department, and misdiagnosing the cause of Plaintiff's lower extremity pain.

e. Wrongfully and negligently instituting, without proper consideration of the negative and pervasive effects of such upon patient health and well being, policies and procedures designed to reduce alleged unnecessary utilization of medical services, in an effort to reduce costs and enrich Defendants

while increasing the risk of harm to patients such as Plaintiff;

  f. Such other acts and omissions of negligence as will be shown at trial of this matter, and other deviations from the standard of care to be determined at a later date.

All such breaches of the standard of care caused and/or contributed to the cause of Plaintiff's injuries. All such breaches of the standard of care constitute medical negligence.

21. Defendants failed to use reasonable care and breached the applicable standard of care owed to Plaintiff by failing to fulfill the above and aforementioned duties of care. Such breaches and failures were negligent. The negligence of Defendants caused or contributed to the cause of Plaintiff's injuries and damages. The negligence and/or gross negligence of Defendants in failing to adhere to the minimum standards of care as set out above is the direct and proximate cause of the injuries to Plaintiff and his resulting damages.

22. As a result of the medical negligence of Defendants' physicians, nurses, and/or healthcare providers, Plaintiff sustained physical and bodily injury, mental and emotional distress, and damages, including the development of severe, painful, and disabling ischemia to his lower left extremity, requiring amputation. As a result of the injuries sustained, Plaintiff experienced severe pain and suffering, incurred and will incur past and future medical expenses, required surgery and ongoing medical treatment, and will require ongoing medical treatment in the future. As a result of his injuries, Plaintiff has experienced, and continues to experience, considerable pain and suffering for which he is entitled to compensation. The injuries and damages sustained proximately caused Plaintiff's disability and inability to work, and he has therefore lost past and future wages and wage earning capacity.

23. At all relevant times, employees, agents, and/or representatives of Merit Health, Jackson HMA, LLC, and/or CHS, and/or of the other Defendants named herein, were acting within the course and scope of their employment and/or agency with such entities. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to Merit Health, Jackson HMA LLC, CHS, and John Does 1-5 through vicarious liability and/or *respondeat superior*. and John Does 1-5 are vicariously liable for the negligence of the nursing personnel and/or other employees and agents of Merit Health, Jackson HMA, LLC, and/or CHS.

24. At all material times, the agents, servants, employees, members, partners, and/or representatives of Defendants named herein, provided medical care and treatment to Plaintiff in the course and scope of their employment with the named Defendants herein, with the actual and/or apparent authority so to do. As such, in addition to being liable and responsible in damages for their own acts of negligence or that of their employees, the acts of the individual healthcare providers are imputed as a matter of law to each and all Defendants named herein, pursuant to principals of agency, master/servant liability, employer/employee liability, *respondeat superior*, and other impositions of vicarious liability, including the liability imposed upon joint venturers.

25. At all times mentioned herein, the individual emergency room physician, as well as all attendant nurses and other medical staff, who provided care and treatment to Plaintiff were acting in the course and scope of their employment or independent contractor status with the Defendants, and their negligent acts and/or omissions are imputed to the Defendants.

26. The wrongful and negligent acts, conduct, and breaches attributable to one or

more of the individual defendant physicians, specifically including the emergency room treating physician, are imputed to Defendants Merit Health, Jackson HMA, LLC, CHS, and/or John Does 1 - 5 under principles of vicarious liability, *respondeat superior*, and/or *Hardy v. Brantley*, 471 So. 2d 358 (Miss. 1985) and *Gatlin v. Methodist Medical Center, Inc.*, 772 So. 2d 1023 (Miss. 2000).

### E. CAUSES OF ACTION

#### *Negligence*

27. At all times relevant to this cause of action, the Defendants owed Plaintiff the duty to exercise that degree of skill, care, competence, and prudence normally exercised by minimally-competent physicians and nurses and/or healthcare providers under like or similar circumstances. The Defendants failed to exercise that requisite degree of skill, care, competence, and prudence required under the circumstances, breached such duty owed to Plaintiff, and were negligent. As a result of the negligence of Defendants, Plaintiff sustained damages as set forth herein.

#### *Doctrine of Res Ipsa Loquitur*

28. Additionally, the medical negligence of one or more Defendants herein that resulted in injuries to Plaintiff under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

#### *Breach of Contract*

29. At the time that Plaintiff sought, and Defendants agreed to provide, medical care and treatment for Plaintiff, an agreement was formed whereby Plaintiff and Defendants entered into a contractual relationship. By entering into this contractual relationship, Defendants became

imposed with a contractual duty to provide reasonable medical care and treatment to Plaintiff.

30. By and through Defendants' acts and omissions of negligence as set forth herein, Defendants breached such contract.

31. As a result of Defendants' breach of contract, Plaintiff suffered personal and bodily injuries, and damages as set forth herein.

### *Vicarious Liability*

32. At all relevant times, Defendants' employees, agents, servants, partners, members and/or representatives were acting within the course and scope of their employment and/or agency with Defendants. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to Defendants through vicarious liability and/or *respondeat superior*.

### F. DAMAGES

33. As a direct and proximate result of the negligence of the named Defendants, Plaintiff sustained damages, including, but not limited to: personal and bodily injury, past and future mental and emotional distress, past and future pain and suffering, past and future medical expenses and bills, past and future loss of wages and wage earning ability, loss of household and domestic services, loss of enjoyment of life, and other such damages to be proved at trial of this matter. Accordingly, Plaintiff is entitled to recover the full amount of monetary damages available under *Miss. Code Ann.* § 11-46-15, including, but not limited to, compensatory damages for:

    a. Medical expense incurred as a result of having to undergo additional surgical procedures, hospitalization, rehabilitation, and medical care, past,

present, and future;

b. Past, present, and future physical pain and suffering;

c. Past, present, and future mental anguish;

d. Loss of enjoyment of life; and

e. Such other damages as may be proven at trial.

## G. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff brings this cause of action against the Defendants Merit Health, Jackson HMA, LLC, CHS, John Does 1-5 and prays for entry of judgment against these Defendants individually and severally for compensatory damages, prejudgment interest, post-judgment interest, and all costs of this proceeding, such damages being within the minimal jurisdiction of this Court to award.

**DATED:** February __20th__, 2018.

Respectfully submitted,

**CHRISTOPHER SMITH**

By: _____
One of His Attorneys

Michael T. Jaques, MSB No. 8708
SESSUMS DALLAS, PLLC
240 Trace Colony Park Drive, Suite 100
Ridgeland, Mississippi 39157
601.933.2045 - Telephone
601.933.2050 - Facsimile

11

## CERTIFICATE OF COMPLIANCE

I, **MICHAEL T. JAQUES,** pursuant to MISS. CODE ANN. § 11-1-58, hereby certify that I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence,* who is qualified to give expert testimony as to standard of care or negligence, and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action. I have further concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

This the 20th day of February, 2018.

_____
MICHAEL JAQUES

12